IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13-cv-03322-KMT

MICHAEL DAILEY,

    Applicant,

v.

WARDEN OLIVER,

    Respondent.

---

ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS

---

This matter comes before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7), filed by Applicant Michael Dailey *pro se.* The parties have consented to disposition of this case by a United States Magistrate Judge. (ECF Nos. 29, 31).

The Court will construe the Amended Application liberally because Mr. Dailey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court does not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Amended Application will be denied and this action dismissed.

**I.   Background**

Mr. Dailey is a federal prisoner incarcerated at the United States Penitentiary in Florence, Colorado. In the Amended Application, he challenges the constitutionality of two prison disciplinary proceedings that resulted in the forfeiture of vested good time

credits.

### A.    Incident Report 2214975

On September 27, 2011, Mr. Dailey received Incident Report No. 2214975 for possession of narcotics (attempted) (offense code 113a).[1] (ECF No. 27-1, Declaration of Carl Miedich, at ¶ 5; *see also id.*, attach. 2, at 11). The incident report stated, in pertinent part:

> During an ongoing S.I.S. Investigation on September 26, 2011 at approximately 11:00 a.m., it determined on July 1, 2011, at approximately 12:29 p.m., inmates Michael Dailey, Reg. No. 06819-025, and inmate [blacked out name] reported to the Inmate Systems Management Mail Room and picked up certified mail. Inmate Dailey signed for the possession of books therefore retained ownership of the incoming books. Contraband was discovered inside the binder of the books. The Marijuana (THC) was wrapped inside of a plastic bag of the binders of the books. The T.H.C. was tested and weighed 8.8 grams.

(ECF No. 27-1, attach 2, at 14; *see also id.* at 19).

A hearing before a DHO was held on November 4, 2011. (ECF No. 27-1, Miedich Decl, at ¶ 6; *see also id.* attach. 2, at 11). Mr. Dailey declined a staff representative. (ECF No. 27-1, at 11). Mr. Dailey requested that Unit Secretary Weise be called as a witness, but the DHO determined that Weise's proffered testimony – that he called Mr. Dailey to the mail room to find out what type of mail he had – was irrelevant to the charged offense. (*Id.* at 11, 12, 18). At the hearing, Mr. Dailey "claimed ownership of the books, but denied any knowledge of marijuana." (*Id.* at 12).

On January 17, 2012, the DHO issued a written report finding that Mr. Dailey was guilty of attempted possession of narcotics and sanctioned him with, *inter alia*, 41 days

---

[1] The offense code refers to its designation in 28 C.F.R. § 541.3 (Table 1). An "a" added after an offense code means that the offense was attempted.

of forfeited good time credits. (ECF No. 27-1, Miedich Decl., at ¶ 6; *see also id.*, attach. 2, at 12).

Mr. Dailey filed an administrative appeal challenging the disciplinary proceeding. In the appeal, Mr. Dailey claimed that he was innocent of the charged offense and that he was not sanctioned in the presence of the DHO. (ECF No. 27-2, attach. 3, at 8-10). The Regional Director reviewed Mr. Dailey's appeal and found a "procedural error." (*Id.* at 8). The incident report was returned to the DHO for reconsideration. (*Id.*). In a separate internal Memorandum to the Warden, the Regional Director explained that the DHO "did not introduce or consider the supporting documentation with the discipline packet. This documentation is necessary to uphold the charge, as it connects the inmate to the incident." (*Id.* at 39). The Regional Director further instructed that "[t]he DHO must specifically explain why the greater weight of the evidence showed the inmate committed the prohibited act." (*Id.*).

The DHO held a rehearing on Incident Report No. 2214975 on April 6, 2012. (ECF No. 27-1, Miedich Decl., at ¶ 7; No. 27-2, attach. 3, at 1). Mr. Dailey did not request a staff representative or witnesses. (ECF No. 27-2, attach. 3, at 1). Mr. Dailey made the following statement in his own defense at the hearing: "I did sign for the books, but I was unaware of drugs in them. I told staff that I was unaware of getting books in. I did take the books into the facility." (*Id.*).

On August 14, 2012, the DHO issued a written report finding that Applicant had committed the charged offense. (ECF No. 27-1, Miedich Decl., at ¶ 9; No. 27-2, attach. 3, at 2). The DHO stated in the report that he relied on the following evidence to support his conclusion:

3

>  section # 11 of the incident report, the evidence collected by SIS
>  concluding that you were paid (vis family to family which is a common
>  practice among inmates), eight photographs of the drugs and packaging of
>  the items received, your willingness to sign the receipt log for the items
>  and accept these books that you claim you didn't order (which does not
>  make reasonable sense), and that another was with you at the time that
>  had received previous documentation of date of delivery and escorted you
>  to the pick-up at the mail-room (which a reasonable person would believe
>  would be highly unlikely unless it was to retrieve the items inside the
>  books from you). . . .

(ECF No. 27-2, attach. 3, at 3; *see also id.* at 19-38). The DHO also emphasized that Mr. Dailey had changed his story throughout the disciplinary process. (*Id.* at 3). Mr. Dailey was sanctioned with, *inter alia*, the forfeiture of 41 days of vested good time credits. (*Id.*).

### B.     Incident Report 2272977

On March 5, 2012, Mr. Dailey received Incident Report No. 2272977 for possession of a weapon (offense code 104), destroying or disposing of any item during a search or an attempted search (offense code 115a) and conduct which disrupts the orderly running of institution (offense code 199) (removed). (ECF No. 27-1, Miedich Decl., at ¶ 5; *see also* No. 27-3, attach. 4, at 1). The Incident Report stated, in pertinent part:

>  At approximately 9:25 AM [on 2/25/12], I, Senior Officer S. Williams,
>  observed inmate Dailey, Michael Reg. No. 06819-025 pass through the
>  metal detector setting it off in Echo-Alpha Unit. I ordered inmate Dailey to
>  stop three times and he refused and continued into the Unit. I attempted
>  to follow inmate Dailey when inmate [ ], stepped in front of me to block me
>  from inmate Dailey and pointing at my watch and stated, "what's this!" I
>  walked around inmate [ ] and followed inmate Dailey to cell 130 w[h]ere he
>  appeared to be using the toilet. I advised inmate Dailey to exit the cell and
>  the cell was secured. I advised inmate Dailey to clear the metal detector
>  which he did. I conducted a cell search of cell 130 and found under the
>  top bunk mattress a piece of metal 8 1/2 inches in length and 1 1/4 inches
>  wide sharpened to a point. The homemade weapon had string wrapped

>   around it for a handle.  Cell 130 is occupied by inmate [ ] and inmate [ ].
>   Inmates Dailey and [ ] were escorted to the Lieutenants holding cell.
>   Operations Lieutenant was notified.

(ECF No. 27-3, attach. 4, at 4).

A hearing before a DHO was held on March 16, 2012.  (Miedich Decl, at ¶ 14; ECF No. 27-3, attach. 4, at 1).  Mr. Dailey declined to have a staff representative and did not request or present any witnesses.  (ECF No. 27-3, attach. 4, at 1, 9).  Mr. Dailey admitted his guilt with the following statement: "I'm guilty.  Reeves had nothing to do with it."  (*Id.* at 1.)

On July 6, 2012, the DHO issued a written report finding that Mr. Dailey was guilty of the prohibited acts of possession of a weapon (104) and destroying or disposing of any item during a search or an attempted search (115a).  (*Id.* at 2; *see also* Miedich Decl., at ¶ 16).  The DHO relied on the Incident Report and a photograph of the items found in Mr. Dailey's room (*see* ECF No. 27-3, attach. 4, at 11), to support the disciplinary convictions.  (*Id.*).  Mr. Dailey was sanctioned with, *inter alia*, the forfeiture of 41 days of vested good time credits.  (*Id.*; *see also* Miedich Decl., at ¶ 17).

In response to an administrative appeal, the DHO report was amended on January 9, 2014 to reflect that Mr. Daily was guilty of destroying or disposing of any item during a search or attempted search (offense code 115) instead of attempting to do so (offense code 115a) as stated in the original DHO hearing report.  (Miedich Decl, at ¶¶ 18-20; ECF No. 27-3, attach. 4, at 15).

**II.     Legal Standard**

A section 2241 habeas proceeding is "an attack by a person in custody upon the

legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  A § 2241 petition may challenge the deprivation of good-time credits and other prison disciplinary matters where the challenged action affects duration of the inmate's sentence.  *Id.* at 811-12.

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (applying law to federal prisoner) (quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.1996) (internal quotation marks and citation omitted)).  However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).  Mr. Dailey does not dispute that these requirements were met.  Instead, Mr. Dailey asserts that there was insufficient evidence to support the disciplinary convictions.

To comport with due process, there must be *some* evidence to support a disciplinary conviction.  *Hill*, 472 U.S. at 454.  "Ascertaining whether this standard is

satisfied does not require examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.'" *Mitchell*, 80 F.3d at 1445 (10th Cir. 1996) (quoting *Hill*, 472 U.S. at 457).

## III. Analysis

### A. Incident Report 2214975

In concluding that Mr. Dailey was guilty of attempted possession of narcotics, the DHO considered the reporting officer's statements that Mr. Dailey went to the mail room on July 1, 2011, signed for books that were sent to him via certified mail, and that eight grams of marijuana were discovered inside the binders of the books. The DHO also relied on the photographs of the marijuana found in the books, as well as the SIS investigation which revealed that Applicant was with another inmate at the time he received documentation concerning the delivery of the books and that the same inmate accompanied Applicant to pick up the books. The Court finds that the information relied on by the DHO, together with the presumption of constructive possession, constituted "some evidence" to support the disciplinary conviction for attempted possession of narcotics.

"In general, a person has constructive possession if he knowingly has ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located." *See United States v. McKnight*, 953 F.2d 898, 901 (5th Cir.1992); *see also Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (concluding

that incident report together with constructive possession rule provided "some evidence" of prisoner's guilt). The Tenth Circuit has expressly condoned the constructive possession doctrine to support a prison disciplinary conviction. *See Howard*, 487 F.3d at 812 (citing *Hamilton*, 976 F.2d at 345) (concluding that where incident report indicated that contraband was found among the petitioner's legal papers confiscated during the time of his detention, there was "some evidence" to support the disciplinary sentence on a theory of constructive possession.). The constructive possession rule applies "absent exculpatory evidence that makes the finding of petitioner's 'possession' so unreliable as to not satisfy the minimum constitutional standard that some reliable evidence supports the disciplinary decision." *Thompson v. Hawk*, 978 F. Supp. 1421, 1423 (D. Kan. 1997).

Mr. Dailey maintains in the Amended Application that he does not know who sent him the books from a New York bookstore via certified mail, and, therefore, he was not aware that marijuana was concealed inside the books. (ECF No. 7, at 3). However, the DHO specifically found that the statements made by Mr. Dailey at the rehearing were not credible because he had changed his story several times. A federal habeas court does not review the DHO's credibility determinations. *See Hill*, 472 U.S. at 455-56.

The Court finds that Mr. Dailey's due process rights were not violated in the prison disciplinary hearing because there was some evidence to support the DHO's decision that resulted in the forfeiture of good time credits.

**B.  Incident Report 2272977**

Mr. Dailey asserts that the evidence did not support his disciplinary convictions

for possession of a weapon and destroying or disposing of the same during a search of attempted search. He maintains that he "had to take the hit" because he was in another inmate's cell using the bathroom when prison officials searched that cell and found a knife. (ECF No. 7, at 3).

Even if the Court ignores Mr. Dailey's admission of guilt at the DHO hearing, the correctional officer's report of the incident, together with the constructive possession rule, constitute some evidence to support the disciplinary convictions. Mr. Dailey set off the metal detector en route to the cell where the weapon was found, but did not set it off after he left the cell. Further, Mr. Dailey was the only inmate in the cell at the time the weapon was discovered. These facts support a presumption of constructive possession. *See Hamilton*, 976 F.2d at 345 ("The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical"). *see also Hill*, 472 U.S. at 456-57 (three inmates seen fleeing from the scene of an assault); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (contraband found in locker shared by two inmates); *Simon v. Jones*, 550 F. App'x 670, 671 (10th Cir. 2014) (unpublished) (disciplinary conviction was supported by some evidence where prison officials made the logical inference that the contraband (a cell phone and marijuana) belonged to the petitioner where petitioner was the only inmate in the bathroom where the contraband was discovered).

The Court finds that Mr. Dailey's due process rights were not violated in the prison disciplinary hearing for Incident Report 2272977 because there was some evidence to support the DHO's decision that resulted in the forfeiture of good time credits.

Accordingly, it is ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) is DENIED and this case is DISMISSED with prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Dailey files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated this 21st day of October, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge